IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER SMITH                                                              PLAINTIFF

v.                                              Civil No. 09-4082

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Christopher Smith, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.   **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on February 28, 2008, alleging an inability to work since June 14, 2007, due to chronic back pain.[1]  (Tr. 102-106). An administrative hearing was held on February 18, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 8-37). A medical and a vocational expert also testified at this hearing.

---

[1] The record indicates Plaintiff filed previous applications for DIB and SSI benefits that were denied initially on August 13, 2007. (Tr. 125). Plaintiff did not appeal.

AO72A
(Rev. 8/82)

By written decision dated April 29, 2009,[2] the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr. 47). Specifically, the ALJ found Plaintiff had the following severe impairments: low back pain. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 48). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work. (Tr. 48). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a restaurant cook/dishwasher and a department store sales clerk/cashier. (Tr. 50).

Plaintiff then requested a review of the hearing decision by the Appeals Council. (Tr. 4-5). Plaintiff also submitted additional medical evidence to the Appeals Council. (Tr. 6). The Appeals Council denied Plaintiff's request for review on July 13, 2009. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

---

[2]The Court notes the Appeals Council Action letter indicates the ALJ's decision was dated April 24, 2009. (Tr. 1).

-2-

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

## III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In determining that Plaintiff maintained the RFC to perform a full range of light work, the ALJ pointed to medical evidence indicating that Plaintiff's treating physician, Dr. C.C. Alkire, found Plaintiff could perform "unlimited activities." The problem with the ALJ's reliance on this evidence is that Dr. Alkire expressed that opinion in 2006. It was not until June of 2007,

that Plaintiff reported to Dr. Alkire that his pain was so bad that he had to quit work. (Tr. 197). After being unable to determine the source of Plaintiff's pain, Dr. Alkire made Plaintiff an appointment with Dr. Stephen H. Hochschuler, a specialist at the Texas Back Institute, in July of 2007. (Tr. 197, 214). In an attempt to locate the cause of Plaintiff's back pain, Dr. Hochschuler had Plaintiff undergo a discogram on September 7, 2007, that revealed a partial anterior fissure at L5-S1. (Tr. 292). Dr. Kendall M. Jones, the physician that performed the discogram, noted that while Plaintiff reported to only have a pain of seven out of ten during the procedure, Plaintiff "appeared visually to be in severe pain" when Plaintiff's L5-S1 was examined. (Tr. 291). At a follow-up examination on September 11, 2007, Dr. Hochschuler did not opine as to Plaintiff's abilities to perform work related activities but he did stress to Plaintiff that there was nothing dangerous going on with his back; that this problem would not put him in a wheelchair; and that this back problem would not paralyze Plaintiff. (Tr. 6). Dr. Hochschuler stated "[i]f he can live with it, at least we know where his pain is coming from and then we will consider 1-level ALIF [anterior lumbar interbody fusion] at L5-S1." (Tr. 6). The court is cognizant that Dr. Hochschuler's September 11, 2007, notes were not before the ALJ; however, these notes clearly support Plaintiff's testimony that surgery would be considered when Plaintiff was no longer able to "live with" the pain.[3] Furthermore, Plaintiff testified at the hearing that due to the pain he wanted to undergo this surgery but was unable to do so due to the lack of finances. (Tr. 27).

---

[3] We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

AO72A
(Rev. 8/82)

After reviewing the evidence of record, it appears the ALJ relied heavily upon the medical expert testimony provided by Dr. Alice Cox at the February 18, 2009, administrative hearing; and the opinions of the non-examining medical consultants.[4] (Tr.11-17, 260-261, 279-280). The Court notes that the opinion of a consulting physician who examined the Plaintiff once or not at all does not generally constitute substantial evidence. See Cox v. Barnhart, 345 F.3d 606, 610 (8th Cir. 2003); Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir. 1999). Furthermore, while Dr. Cox opined Plaintiff could perform medium work, she did not address Plaintiff's ability to perform postural activities. Dr. Cox also was not privy to the September 11, 2007 treatment notes completed by Dr. Hochschuler which discussed the consideration of surgery once Plaintiff was unable to "live with" the pain.

Based on the above, we believe remand is necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's physical RFC. On remand, the ALJ is directed to address interrogatories to Drs. Alkire and Hochschuler requesting that they each review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the relevant time period in question; and give the objective basis for their opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. Chitwood v. Bowen, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical

---

[4] The Court notes that no complete RFC assessment is in the record. There are notes dated April 16, 2008, that detail Plaintiff's medical evidence but a RFC assessment as to Plaintiff's work related abilities completed on April 16, 2008, is not part of the record. (Tr.260-261). On May 22, 2008, Dr. Ronald Crow, a non-examining medical consultant, indicated that he reviewed Plaintiff's file and affirmed the April 16, 2008, physical assessment as written. (Tr. 280-281). Dr. Crow did not complete a separate RFC assessment but his review notes indicate that a Dr. Davidson completed a physical assessment on April 16, 2008, opining Plaintiff could perform light work with occasional postural limitations. (Tr. 280).

examination and appropriate testing needed to properly diagnosis Plaintiff's condition and level of pain, and complete a medical assessment of Plaintiff's ability to perform work-related activities for the relevant time period in question. See 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.[5]

Finally, on remand, the ALJ is to specifically address Plaintiff's allegations of the lack of finances to obtain treatment.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of July 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[5] Regarding the ALJ's determination that Plaintiff could return to his past relevant work as a restaurant cook/dishwasher, the Court notes a review of the vocational expert's testimony at the administrative hearing indicates Plaintiff's work as a cook/dishwasher would be classified as medium work. (Tr. 35). The vocational expert testified Plaintiff's past work in restaurant management would be classified as light work. (Tr. 35).

AO72A
(Rev. 8/82)